IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**KYLE BRISBIN, Individually, and as**
**Personal Representative of the Estate of**    No. **1:18-cv-00128**
**ROBERT F. BRISBIN, Deceased,**

    **Plaintiff,**

v.

**UNITED STATES OF AMERICA,**

    **Defendant.**

**COMPLAINT FOR MEDICAL NEGLIGENCE AND WRONGFUL DEATH**
**[ARISING UNDER THE FTCA]**

Plaintiff, Kyle Brisbin, Individually, and as the Personal Representative of the Estate of Robert F. Brisbin, deceased, by and through her counsel of record, the Law Offices of David M. Houliston (David M. Houliston), and for her Complaint for Medical Negligence and Wrongful Death states:

**PARTIES AND JURISDICTION**

1. This is an action pursuant to the Federal Tort Claims Act, 28 USC §2671, *et seq.* (hereinafter the "FTCA") for medical negligence at New Mexico VA Health Care System, operated as the Raymond G. Murphy VA Medical Center located in Albuquerque, New Mexico, by the United States of American through the Veterans Health Administration.

2. Robert Brisbin was a veteran of the U.S. armed forces, and was a resident and citizen of the State of New Mexico.

3. Kyle Brisbin ("Mrs. Brisbin") is Robert Brisbin's widow, and is a resident of the State of New Mexico, and on April 7, 2017, was appointed Personal Representative of the Estate

of Robert F. Brisbin ("Mr. Brisbin") by the Second Judicial District Court in and for the County of Bernalillo, State of New Mexico.

4. Defendant, United States of America, through its agents, employees, and through the Department of Health & Human Services, United States Veterans Health Administration, and all federal agencies, at all times hereinafter mentioned, did and now does operate a medical center/hospital entitled Raymond G. Murphy VA Medical Center in the City of Albuquerque, County of Bernalillo, New Mexico.

5. The claims for which Plaintiff sues herein arose from the acts and omissions of Defendant as alleged herein all occurring within the State of New Mexico.

6. If the Defendant was a private person, it would be liable to the Plaintiff in accordance with the laws of the State of New Mexico.

7. On January 20, 2017, within two years of the date of claims set forth herein which are subject to the FTCA, the administrative claims were presented to New Mexico VA Health Services Center ("NMVAHCS") through the Department of Veterans Affairs-Office of Regional Counsel-Albuquerque, New Mexico, and the Department of Veterans Affairs-Office of Chief Counsel-Pacific District South pursuant to 28 U.S.C. §2675(a). Said agency has failed to make a final disposition of Plaintiff's claims within six months of presentation to Defendant. Plaintiff deems such failure to be a denial of her claims as provided by the FTCA.

8. This Court has jurisdiction over the parties and the subject matter hereto pursuant to 28 U.S.C. §1346(b) and the amount in controversy, excluding costs and attorney's fees exceeds $75,000.00.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

9. Plaintiff realleges and incorporates by reference the allegations contained in all previous paragraphs as though fully recited at length herein.

10. Robert Brisbin presented to the NMVAHCS' Emergency Department on December 28, 2014, at approximately 8:54 p.m. after a fall in his home. He had a loss of consciousness and right-sided weakness, and other associated symptoms of stroke.

11. At all times material, Robert Brisbin lived with his wife, Kyle Brisbin, in their home, and they shared a close emotional relationship as husband and wife.

12. Mr. Brisbin had a known history of atrial fibrillation which was being managed medically with Coumadin.

13. On December 28, 2014, at 8:54 p.m., Mr. Brisbin presented to NMVAHCS' emergency room with complaints of an altered mental state and right sided weakness.

14. Mr. Brisbin was evaluated and sent for a CT scan without intravenous contrast.

15. The CT scan revealed Mr. Brisbin was suffering a left thalamic hemorrhage approximately 3 x 3.6 cm in size, with associated intraventricular hemorrhage predominantly on left side; 2.3mm left to right midline shift.

16. At 9:40 p.m., NMVAHCS' neurosurgeon requested Mr. Brisbin, due to the seriousness of his condition, be transferred to University of New Mexico Hospital ("UNMH") for higher level care.

17. At 10:45 p.m., Superior Ambulance's dispatch received the call to transport Mr. Brisbin from NMVAHCS to UNM Hospital, and arrived at NMVAHCS' emergency department at 11:58 p.m.

18. On December 29, 2014, at 12:10, Mr. Brisbin was placed on the transport stretcher. However, Mr. Brisbin became unstable as his blood pressure became elevated, and he began vomiting, becoming unresponsive to verbal cues and lost consciousness.

19. After being stabilized, but still unconscious Mr. Brisbin was transported at 12:30 a.m. and arrived at UNMH emergency department at 12:40 a.m.

20. Mr. Brisbin never regained consciousness and continued to deteriorate. He suffered respiratory failure due to his neurological condition and was placed on ventilation upon arrival at UNMH emergency department.

21. Mr. Brisbin was admitted to UNMH unconscious and on ventilation for approximately 18 days at which point he was transferred in the same condition to Presbyterian Kaseman Inpatient Hospice on January 15, 2015, where he remained until he died on January 25, 2015.

22. Defendant was negligent in the management of Mr. Brisbin's condition, including failure provide immediate medical intervention to slow or stop the intracranial bleed; and the failure to arrange and secure timely transport from NMVAHCS Medical Center to a higher level of care at UNM Hospital given the urgent nature of his condition.

23. As a direct, foreseeable, and proximate result of this negligence, Mr. Brisbin experienced conscious pain and suffering before losing consciousness and his subsequent death.

## COUNT I - MEDICAL NEGLIGENCE OF
## DEFENDANT NEW MEXICO VA HEALTH CARE SYSTEM

24. Plaintiff sets forth each and every allegation previously stated in the above paragraphs as if fully set forth herein.

25. At all times material hereto, the relationship of medical provider-patient existed between Robert Brisbin and the physicians at NMVAHCS.

26. Pursuant to the provision of the Federal Tort Claims Act, Defendant United States of America is liable for the negligent acts, omissions, and errors of its employees or agents acting within the scope of their duties, as well as liable for any and all independent contractors who may be employed and under the control and direction of Defendant at its medical facilities.

27. At all times pertinent hereto, and as to all acts alleged herein, the physicians and other medical providers and personnel were employees or agents of Defendant, acting within the scope of their duties, and otherwise acting with the full knowledge and consent of Defendant.

28. Defendant is therefore vicariously liable for the negligent acts of the physicians at New Mexico VA Health Care System and other medical personnel as alleged herein.

29. In treating and caring for Robert Brisbin, Defendant, through its agents, failed to possess and apply the knowledge, skill and care ordinarily used by a reasonably well-qualified physician practicing under similar circumstances and this failure resulted in the death of Robert Brisbin.

30. Defendant, by and through its employees, agents, ostensible agents or servants, failed to exercise due care in their treatment and care of Mr. Brisbin.

31. Defendant's negligence caused Mr. Brisbin's injuries and incurring medical bills, pain and suffering, loss of enjoyment of life, and ultimately caused or contributed to Mr. Brisbin's death.

32. Defendant was negligent in the management of Mr. Brisbin's condition, including failure provide immediate medical intervention to slow or stop the intracranial bleed; and the

failure to arrange and secure timely transport from NMVAHCS to a higher level of care at UNM Hospital given the urgent nature of his condition.

33. As a direct, proximate and foreseeable result of the negligent acts and omissions of Defendant, Plaintiff suffered all damages alleged elsewhere in this Complaint.

## COUNT II - PROFESSIONAL NEGLIGENCE OF DEFENDANT NEW MEXICO VA HEALTH CARE SYSTEM

34. Plaintiff sets forth each and every allegation previously stated in the above paragraphs as if fully set forth herein.

35. Defendant, by and through its employees, agents, ostensible agents or servants are healthcare providers as defined by law.

36. Mr. Brisbin was entitled to receive healthcare from Defendant, of a kind and quality in keeping with community and professional standards for providing similar care and sufficient to avoid an unreasonable risk of injury to patients.

37. Defendant, its employees, agents, ostensible agents and servants, breached its duty of care and the applicable standard of medical care owed to Mr. Brisbin when treating and caring for him which directly caused physical injury and harm to him and was the direct and proximate cause of all of the injuries and damages being pursued by the Plaintiff.

38. Defendant's actions and omissions were a breach of and fell below the standard of care for medical facilities and medical professionals.

39. Defendant's omissions, including but not limited to their failure to provide immediate medical intervention to address the intracranial bleed and the failure to expeditiously and timely call for transport of Mr. Brisbin to a higher level of care at UNMH, resulted in significant worsening of Mr. Brisbin's condition causing him injury from which he never recovered.

40. The pain and suffering and the resultant death of Mr. Brisbin, were directly caused, or directly contributed to by the conditions pled herein. Those conditions created a reasonably foreseeable risk of the kind of injury that in fact occurred.

## COUNT III - WRONGFUL DEATH

41. Plaintiff sets forth each and every allegation previously stated in paragraphs 1 through 32 above as if fully set forth herein.

42. As a direct and proximate cause of the negligent acts of the Defendant, Mr. Brisbin's brain hemorrhage was not properly controlled and led to his death.

43. This action is brought pursuant to the New Mexico Wrongful Death Act, NMSA 1978, §41-2-1, *et seq*., and Plaintiff is entitled to seek and/or recover all damages allowed by law under the Act including any aggravating circumstances, and the costs of having to litigate this matter, on behalf of Robert Brisbin.

44. As a direct and proximate result of Defendant's acts and omissions, and negligence *per se*, Mr. Brisbin lost his life and the Plaintiff was harmed. The total injuries are all in an amount not presently determinable but to be proven at the time of trial.

45. All of the injuries to Mr. Brisbin relating to this incident were and are due to the acts and omissions of Defendant.

## COUNT IV - LOSS OF CONSORTIUM

46. Plaintiff sets forth each and every allegation previously stated above as if fully set forth herein.

47. Kyle Brisbin is the widowed wife of Robert Brisbin.

48. Plaintiff Kyle Brisbin loved her husband very much and continuously misses him and the relationship that exists between a husband and a wife.

49. That loss of consortium includes, but is not limited to, the loss and deprivation of a relationship with her husband, loss of companionship, guidance, loss of the marital and familial relationship, mental anguish, family stability, and other associated trauma related to the loss of a husband.

50. The death of Mr. Brisbin has caused a loss of consortium for which Defendant is liable.

### COUNT V - NEGLIGENT HIRING, SUPERVISING AND/OR RETENTION OF DEFENDANT NEW MEXICO VA HEALTH CARE SYSTEM

51. Plaintiff sets forth each and every allegation previously stated above as if fully set forth herein.

52. Defendant employed doctors, nurses and staff members who each acted in the course and scope of their duties as employees or agents for NMVAHCS.

53. Defendant knew or should have known that their doctors, nurses and staff members would create an unreasonable risk of injury to Decedent and Plaintiff.

54. Defendant failed to use ordinary care in the hiring, supervising and/or retaining of its doctors, nurses and staff members.

55. Defendant's negligence in hiring, supervising and/or retention of its doctors, nurses and staff members was a cause of Mr. Brisbin's death and Plaintiff's injuries.

### DAMAGES

56. Plaintiff sets forth each and every allegation previously stated above as if fully set forth herein.

57. As a proximate result of Defendant's medical negligence, Plaintiff Kyle Brisbin individually and as Personal Representative of the Estate of Robert Brisbin seeks on behalf of the surviving beneficiaries of the Estate those damages allowable under the Wrongful Death Act of New Mexico, including but not limited to funeral and burial expenses, conscious pain and suffering, emotional distress, loss of recreational activity, loss of household services, loss of value of life and/or loss of enjoyment of life.

58. Plaintiff Kyle Brisbin, individually, seeks damages for loss of consortium.

## CONCLUSION

**WHEREFORE**, Plaintiff prays for an award of damages sufficient to fully compensate her and the Estate for all the injuries and damages available under the law, for pre-judgment and post-judgment interest, for taxable costs, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted:

**LAW OFFICES OF DAVID M. HOULISTON**

*/s/ David M. Houliston*
DAVID M. HOULISTON, ESQ.
*Attorney for Plaintiff*
500 Tijeras Avenue NW
Albuquerque, NM 87102
Phone: (505) 247-1223
Fax:    (505) 214-5204
david@houlistonlaw.com